J. W. MESIC v. THE ATLANTIC AND NORTH CAROLINA
RAILROAD COMPANY.

*Action for Damages—Killing Stock—Negligence—Contributory
Negligence—Proximate Cause—Presumption—Rebuttal—De-
murrer to Evidence.*

1. Where, in the trial of an action against a railroad company for killing
   stock, it appeared that plaintiff's servant in charge of a horse failed
   to look when approaching a railroad crossing with an unobstructed
   view of the track and the horse was struck by the rear car of a pass-
   ing train; *Held,* that the negligent conduct of plaintiff's driver was the
   proximate cause of the accident, and the trial judge properly sus-
   tained a demurrer to the evidence, even though the effect of the
   demurrer was an admission that the engineer failed to sound the
   whistle or give other warning of the approach of the train.

2. The statute (*The Code,* Section 2326,) raising the presumption that the
   killing of stock by a railroad train is negligence of the defendant,
   is construed to apply only when the facts are uncertain or not
   known.

CIVIL ACTION, to recover $250 damages for the negligent
killing by the defendant of a horse belonging to plaintiff,
tried before *Robinson, J.,* and a jury, at Fall Term, 1896,
of CRAVEN Superior Court. The action was brought within
six months from the killing. Upon the conclusion of plain-
tiff's testimony, the defendant demurred thereto, and, from
a judgment sustaining the demurrer, the plaintiff appealed.

*Messrs. David L. Ward* and *L. J. Moore,* for plaintiff
(appellant).
*Messrs. P. M. Pearsall* and *Clark & Guion,* for defend-
ant.

MONTGOMERY, J.: The railroad track was in part the out-
side boundary of the city of New Berne. The horse driven
towards the city by the plaintiff's servant, just as the track
was reached at the crossing, was struck on the head and

120—62

killed by a passing train. There was no controversy as to the facts. It appeared that the driver did not look, as he approached the crossing, for an approaching train. There was no testimony that he listened for any signal from the enigneer, though he said he did not hear the whistle or the bell.

There was no obstruction of any kind between the crossing and the depot from which the train started out, and the driver, if he had looked ahead, could have seen the train all the way from the time it left the depot. Just as the driver approached the track, he was called by some one behind and he looked back, and the next moment the horse, still going on, was knocked down by the passing train. The engine had passed before the animal was struck. He was first hit by the car next to the engine and killed by the rear car. His Honor sustained a demurrer to the evidence.

We think there was no error in this ruling. If it be conceded that the effect of the demurrer is an admission that the engineer failed to sound the whistle or give other signal of the approaching train, and that the defendant was on that account negligent, it is yet clear that under the circumstances of this case the conduct of the plaintiff's servant was the proximate cause of the collision by which the horse was killed. It may be said that under the decisions of this court the rule is that, generally and usually, whenever an approach to a public crossing over a railroad is made by any one in charge of a wagon and team, such person is bound to look and listen for approaching trains, and to take every proper precaution to avoid a collision; and this is so even though the approach be made at a time when no regular train is expected to pass; and in case the driver fails to look and listen and to take proper precaution to avoid a collision, and one does occur, the plaintiff can-

not recover, even though the defendant was negligent in the first instance. *Randall* v. *Railroad*, 104 N. C., 410; *Gilmore* v. *Railroad*, 115 N C., 57; *Russell* v. *Railroad*, 118 N. C., 1098.

The rule, however, does not prevail, where to look would be useless on account of obstructions, natural in themselves or such as had been placed by accident or design by the companies upon their tracks, and when, at the same time, the engineer had failed to give the usual signal — sounding the whistle or ringing the bell—for the crossing, and in consequence of which failure the person approaching the crossing had been induced to take the risk. The failure to look and listen is deemed excusable because the person is misled by the conduct of the company. *Hinkle* v. *Railroad*, 109 N. C., 472; *Alexander* v. *Railroad*, 112 N. C., 720.

Nor would the rule apply where the approach was made over the crossing in darkness, when there was no light on the end of the approaching train, and the jury should find that a headlight would have enabled the defendant, by due diligence on the part of its servants, to have seen the person crossing its track in time to stop the train before striking him; for such neglect being a continuing negligent omission of a duty is regarded as the proximate cause of the injury. *Lloyd* v. *Railroad*, 118 N. C., 1010; *Mayes* v. *Railroad*, 119 N. C., 758.

In the case before the court the plaintiff's servant gave no attention to his surroundings. There was nothing to threaten the safety of the horse of which he was in charge, if he had only exercised a half reasonable foresight. He allowed some person behind him to distract his attention, and turning his head backwards allowed the horse to go right into the moving train. He made no effort to stop him, if, indeed, he saw the animal when he was struck.

It was argued here that under Section 2326 of *The Code*, the killing of the horse having been proved, the same was *prima facie* evidence of negligence on the part of the defendant—the action having been commenced within the time prescribed by the Statute. The court, in construing this Statute in the case of *Doggett* v. *Railroad*, 81 N. C., 459, held that "the force of the presumption only applies when the facts are not known, or when from the testimony they are uncertain    There is no uncertainty about the facts as brought out in the testimony in this case, and, as we have said in the beginning, they are undisputed. From them, in our opinion, but a single inference can be drawn, and that is that the plaintiff's servant's conduct was the proximate cause of the accident by which the horse was killed, or as stated in *Hardison* v. *Railroad*, at this term, the presumption is rebutted. There is no error.

No Error.