JOHN W. MORROW v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 13 November, 1907).

1. Railroads—Contributory Negligence—Crossings—"Look and Listen."

It was not error in the Court below, upon the question of contributory. negligence, to refuse a motion as of nonsuit at the close of the evidence which tended to show that, after waiting at the railroad crossing on a public highway for about five minutes for defendant's freight train to pass, the plaintiff immediately proceeded to cross, and was struck by a passenger train of the defendant going in an opposite direction to the freight; that he did not know of the approach of the passenger train, though he had looked and listened; that the noise and smoke from the freight train, and it being a dark and cloudy winter evening, about 5 o'clock, with fog arising from the ground, covered with sleet, and there being no lights, prevented him from so doing.

2. Same—Contributory Negligence—Crossings—"Look and Listen"—Judge's Charge—Harmless Error.

It is error for the Court below to charge the jury that, if conditions were such that the plaintiff could not have seen an approaching train, which struck and injured him, at a public crossing, by looking and listening, he would be absolved from the failure to do so, but harmless error, when the evidence established the fact that he did look and listen and took the precautions required.

Civil action to recover for personal injuries received by the plaintiff, tried at August (Special) Term, 1907, of Alamance Superior Court, before O. H. Allen, J., and a jury.

Verdict and judgment were had for the plaintiff. The Court submitted the usual issues of negligence, contributory negligence, and damage, all of which were answered for the plaintiff. From the judgment rendered the defendant appealed.

*Brooks & Thompson* and *W. H. Carroll* for plaintiff.
*King & Kimball* and *Parker & Parker* for defendant.

Brown, J. There are a number of exceptions in the record to the admission of evidence, but as none of them are mentioned in appellant's brief, or were called to our attention in the argument, we deem them to have been abandoned.

The defendant offered no evidence. That which was offered on behalf of the plaintiff tended to prove these facts: The plaintiff, who lived in Alamance County, about the 17th day of December, 1905, went to Greensboro. While there, in company with a friend, he approached a crossing of the defendant railroad company, near the coal chute in the suburbs of Greensboro. Upon reaching the crossing, which was a public highway, he found it obstructed by a freight train, headed in the direction of Charlotte. He waited about five minutes for the freight to clear the crossing, and at once started to the track to cross. A passenger train, coming from the direction of Charlotte into Greensboro at a high rate of speed, ran against him, knocking him off the track and breaking his right arm. That it was between 4 and 5 o'clock in the afternoon, on a cloudy day, and drizzling rain upon melting sleet and ice. That from the ground, on account of the thawing of the ice and heavy atmosphere, a fog was rising; that the smoke from the outgoing freight train circled back, mingling with the fog and settling over the track and crossing. That before going upon the track, in his effort to safely cross, plaintiff stopped and looked out to see if there was any train approaching, and listened likewise; that he saw no train and heard none. He did not know there was a double track along the line at this crossing, and the passenger train came upon him suddenly, without ringing its bell or blowing its whistle or giving any other signal or warning of its approach.

At the close of the evidence the defendant moved his Honor to dismiss the plaintiff's complaint, and for judgment as of nonsuit, for that, on the plaintiff's evidence, his injury resulted from his own negligence and not from any negligence of the defendant.

The refusal to grant this motion is assigned as error, and the correctness of the ruling seems to be the principal contention in the case.

In view of the decided character of the testimony of the plaintiff himself, it is difficult for us to comprehend upon exactly what theory of the law the Court was expected to grant the motion. He states that when he reached the crossing a freight train occupied it, and he waited for five minutes, until it could pass. After the freight train passed he looked to see if there was another train coming, and he could neither see nor hear any except the freight. Then he started across the track. He further states that he could not see the incoming passenger train that struck him, on account of the smoke and noise from the freight train, and because it was not lit up or anything of the kind. It was a dark and cloudy evening, just after a big sleet; it was in the winter time; it was misting rain, and the fog was rising from the ground, and the smoke and fog made it darker.

According to this evidence, the plaintiff brought himself fully within the standard of duty laid down by the authorities.

The duty of one approaching a railroad track is very clearly and fully discussed by *Mr. Justice Hoke* in *Cooper v. Railroad,* 140 N. C., 215, and the precedents are there collected. Tested by the rule there laid down, and by many other precedents that can be cited, the Court did not err in holding that, upon his own showing, plaintiff was not guilty of contributory negligence.

If we believe what he says about the matter, he exercised his senses of hearing and sight, and, nevertheless, failed to detect the approach of the passenger train.

His Honor was quite right in submitting the question to the jury, upon the principle laid down in *Laverenz v. Railroad,* 56 Iowa, 689, and approved in *Cooper v. Railroad, supra:* "That a person who voluntarily goes on a railroad track at a point where there is an unobstructed view of the track, and fails to look or listen to danger, cannot recover for an injury which might have been avoided by so looking and listening;

but when the view is obstructed or other facts exist which tend to complicate the matter, the question of contributory negligence then becomes one for the jury."

We think his Honor was in error in instructing the jury that, "If the conditions from the smoke and cloudy weather, the lateness in the day and the moving of the freight train were such that looking would not disclose the approaching train, and there was no sounding of whistle or bell, so that listening would not disclose the approaching train, and the plaintiff crossed, even without looking and listening, and was injured," he would be absolved from the usual consequences of the failure to perform such duties.

The condition of the atmosphere and the hour of the day do not constitute the "obstructions" referred to in Cooper's and other cases, and do not excuse a traveler from exercising his senses of sight and hearing in crossing a railroad track. On the contrary, the darker it is the more careful he should be. Nor is the traveler to listen for bell or whistle and nothing else. He must use due care to listen for the approach of the train as well, for common experience teaches us there are times when the approach of a train may be detected without hearing either bell or whistle. But we think this instruction was unnecessarily given, and, in view of the evidence, was entirely harmless to defendant. The case was not tried upon the theory that the plaintiff did not look and listen and otherwise exercise due care, but upon the theory that he did do all the law required of him. He did not offer as an excuse for not looking and listening the fact that the conditions were such he could neither see nor hear. On the contrary, he testifies positively that he did both, and gives the conditions surrounding him as a reason for his failure to detect the train until it was within six feet of him.

We do not think this error could have possibly misled the jury, in view of the fact that there was no conflicting evidence

whatever; and plaintiff's own evidence, if believed by them, established the fact that he both looked and listened and exercised proper vigilance when he started across the track.

In all other respects we find no error in his Honor's instructions.

No Error.