R. H. PLYLER v. SOUTHERN RAILWAY COMPANY.

(Filed 2 May, 1923.)

**1. Negligence—Contributory Negligence.**

Contributory negligence that will bar the right of recovery of the plaintiff is such omission of the observance of ordinary care required of him, under the circumstances, as concurring or coöperating with the negligence of the defendant becomes the proximate cause of the injury in suit.

**2. Same—Evidence—Railroads—Public Crossings.**

Where the contributory negligence of the plaintiff consists in his not listening or looking up and down the track before attempting to cross in his automobile, it is incompetent for him to testify, on this issue, that the failure of the engineer to ring the bell and blow the whistle, evidentiary upon the issue as to defendant's negligence, caused him to enter upon the crossing where the injury followed; the question of proximate cause to be determined by existing conditions and not by hypotheses or contingencies.

**3. Same—Unlawful Acts—Evidence—Instructions.**

Where the statute of another state, applicable to a negligence case tried in our own courts, provides that where a railroad train collides at a public crossing and injures the person or property of one attempting to cross, and the defendant railroad company's employees have neglected to give the required signals, which contributed to the injury, the corporation shall be held liable in damages unless it is shown that in addition to a mere want of ordinary care the person injured, etc., was at the time of the collision guilty of gross or willful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury: *Held,* the words "gross or wilful negligence" and "unlawful act" are not synonymous but alternative terms; and where there is no evidence of any "unlawful act," it is proper for the trial judge to so instruct the jury, and leave only to their consideration the question of gross or wilful negligence of the plaintiff, of which there was evidence.

**4. Appeal and Error—Appellant—Burden of Proof.**

   The appellant must show in the Supreme Court prejudicial error to his rights in the Superior Court.

**5. Railroads—Crossings—Negligence — Contributory Negligence — Look and Listen—Instructions.**

   Where there is evidence tending to show that the plaintiff had failed to use ordinary care before attempting to cross the defendant's railroad tracks at a public crossing, where the injury ·in suit arose, by neglecting to listen or look up and down the track before entering thereon, an instruction of the court does not make his right of recovery to depend upon this fact alone when elsewhere in the charge he has instructed the jury clearly and fully upon the principle of proximate cause, and such circumstances as would have excused him in not observing the care required of him under the circumstances.

**6. Same—Obstructions.**

   The plaintiff's failure to look in both directions upon a railroad track before attempting to cross at a public crossing where he was injured in a collision with the defendant's train, will not be excused by the evidence that his view was obstructed by trees, etc., when it is shown from all of the evidence, that notwithstanding this obstruction he was afforded a clear and timely view of the track after passing the obstruction, and his failure to observe the care required of him under the circumstances was occasioned by his looking back over the way he had come.

**7. Instructions—Negligence—Proximate Cause—Appeal and Error.** ,

   The charge of the court must be considered as a whole and will generally be sustained when it embodies the law applicable to the essential features of the case,. and where he has repeatedly and unmistakably charged upon the principle of proximate cause, in a negligence case, his omission to have repeated the principle in a portion of the charge, will not be held for error as contradictory or misleading to the jury.

APPEAL by plaintiff from *Webb, J.,* at December Term, 1922, of GASTON.

Civil action to recover damages for injury to plaintiff's car caused by a collision with the defendant's train at a grade crossing in South Carolina. The highway intersects the roadbed at right angles, the highway running east and west and the railroad north and south. The train was going south and the plaintiff from east to west. The issues of negligence and contributory negligence were answered "Yes."

Judgment for defendant; appeal by plaintiff.

*Mangum & Denny for the plaintiff.*
*O. F. Mason and George B. Mason for the defendant.*

ADAMS, J. There was evidence for the plaintiff tending to show that the engineer did not give the usual signals as the train approached the . crossing, and the plaintiff insisted that this evidence while primarily

relevant to the first issue should be considered in connection with the second issue as explanatory of the plaintiff's conduct in attempting to cross the track. In accordance with this contention the plaintiff offered to testify that he would not have gone on the crossing if the signals had been given. We think his Honor properly excluded the proposed evidence. Contributory negligence is such act or omission on the part of the plaintiff, amounting to a want of ordinary care, as concurring and coöperating with the negligence of the defendant becomes the proximate cause of the injury, and is to be determined by existing conditions and not by hypotheses or contingencies. However, the plaintiff testified substantially that if he had known the train was coming he would not have gone on the track—"if I could have seen through the hedge I would not have been on the track." And his Honor presented the plaintiff's contention as follows: "He contends and says that if the engineer, the defendant's agent, had discharged his duty, which it owed to the plaintiff, and rang its bell continuously for 500 yards, and had blown its whistle, that he would have heard it and stopped his automobile before he went on the track, and he says that being so, his automobile would not have been damaged; and he says the cause of this trouble was the negligence on the part of the defendant in failing to do what the law required, sound the whistle 500 yards, or ring the bell continuously for 500 yards before reaching the crossing, and plaintiff says defendant did not do that."

The plaintiff admits that the court gave the instructions to which his third exception relates omitting the clause "There is no evidence of any unlawful act on the part of the plaintiff." The Code of Laws of South Carolina, sec. 3230, provides that if a person is injured in his person or property by collision with the engine or cars of a railroad corporation at a crossing and it appears that the corporation neglected to give the required signals and that such neglect contributed to the injury the corporation shall be liable in damages . . . unless it is shown that, in addition to a mere want of ordinary care the person injured, or the person having charge of his person or property was at the time of the collision guilty of gross or willful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury. In *Howard v. Payne,* 112 S. E., (S. C.), 437, it is held that the terms "gross or wilful negligence" and "unlawful act" are not synonymous, but alternative terms, and they were so construed by his Honor on the trial. There was evidence of gross negligence on the part of the plaintiff, and no contention that he was guilty of an unlawful act. This question was not in issue and it is difficult to see how the omission of all reference to it could have misled the jury. The appellant must show, not only that there was error in the respect com-

plained of, but that such error was prejudicial. *Penland v. Barnard,* 146 N. C., 379; *Hosiery Co. v. Cotton Mills,* 140 N. C., 452.

His Honor first gave the general instruction that it was the duty of the plaintiff before going upon the railroad to look up and down the track and to listen and if he failed to do so and was injured and such failure was the proximate cause of the injury he could not recover, and afterwards the following specific instructions were given: "If you find by the greater weight of the evidence that the plaintiff failed to look up and down the track, if he failed to look up and down, and failed to listen before he went on it, and in his failing to do so he drove on it and the car choked and the train struck it, then he would be guilty of gross negligence and you would answer the second issue 'Yes.' If you find that he failed to look and listen and find that if he had looked and listened up and down the track, he could have seen the train, or would have seen it, but in his failure to look and listen, he went on without doing that, and that was the proximate cause of the injury, then you will answer the second issue 'Yes.' "

The plaintiff impeaches the several instructions on the ground (1) that the court laid down as an arbitrary rule the duty to look up and down the railroad track and to listen before going upon the crossing, and (2) that the court omitted to tell the jury that the plaintiff's negligence must be the proximate cause of the injury.

In support of his exception to the first proposition the plaintiff cites *Chisholm v. Railroad,* 114 S. E. (S. C.), 500, in which the Supreme Court of South Carolina said: "The duty of the traveler arising under the foregoing rule is not an absolute one, but may be qualified by attendant circumstances. The view taken in this State is that it is ordinarily a question for the jury in the application of the standard of due care to say whether the attempt of the traveler to cross without looking and listening effectively was excusable or culpable; that is, whether or not it amounted to negligence or wilful misconduct." But the Court was careful to state conditions or circumstances by which the rule may be qualified: "The facts and conditions which may qualify the duty and excuse the failure to look and listen within the foregoing rules are usually: First, where looking and listening would not have availed to avert the injury; second, where the traveler enters upon the track under an express or implied assurance of safety, as where gates are open or signals are given by watchmen; third, the presence of some imminent danger or emergency, not brought about by the traveler's own negligence; fourth, the presence and influence of unusual or extraordinary conditions, not created or controlled by the traveler himself, and especially where such conditions are brought about by the railway company, which are sufficient to distract and divert the attention of a man

of ordinary prudence and self-possession from the duty of looking and listening effectively for an approaching train." And in defining the duty of a traveler on approaching a grade crossing the Court was equally explicit: "On reaching a railroad crossing and before attempting to go upon the track, a traveler must use his senses of sight and hearing to the best of his ability under the existing and surrounding circumstances; he must look and listen in both directions for approaching trains, if not prevented from so doing by the fault of the railroad company, and to the extent the matter is under his control must look and listen at a place and in a manner that will make the use of his senses effective."

In accord with *Chisholm's case* are several decisions of this Court, in which it is held that a traveler must look and listen in both directions for approaching trains if not prevented from doing so by the fault of the railroad company or other circumstances clearing him from blame. *Perry v. R. R.,* 180 N. C., 290; *Johnson v. R. R.,* 163 N. C., 431; *Wolfe v. R. R.,* 154 N. C., 569; *Coleman v. R. R.,* 153 N. C., 322; *Strickland v. R. R.,* 150 N. C., 7; *Duffy v. R. R.,* 144 N. C., 26; *Mesic v. R. R.,* 120 N. C., 490.

The plaintiff resists the application of the instruction complained of on the ground that his view was obstructed by the cane patch and the hedge; but he testified that the distance between the cane patch and the railroad was 138 feet and the distance between the crossing and the hedge row 600 feet, that the car was moving slowly, and that when within 25 or 30 feet of the crossing he "turned his head and turned back looking after his car." In one direction a train could have been seen when a mile away and in the other, when 600 feet away; but instead of looking and listening the plaintiff deliberately turned his eyes from the railroad and recklessly went forward and his car stopped upon the track in front of the oncoming train. His Honor's instruction, when considered with reference to the plaintiff's testimony is a clear and practical application of the principle underlying the uniform decisions of the Court on the particular question presented for consideration.

In our opinion the second objection also is untenable. The instructions, as we understand them, are not contradictory; they would have been if in one paragraph his Honor had said that the plaintiff's negligence must have been the proximate cause of the injury and in another paragraph that such negligence need not have been the proximate cause. But the judge properly instructed the jury at least four times on the question of proximate cause, and in our judgment it would be hypercritical to hold that an inadvertent omission of this feature from a single clause is fatal. The charges it has often been decided, must be considered as a whole, and if when so considered it embodies the law as

applicable to the essential features of the question it will generally be sustained. *Aman v. Lumber Co.,* 160 N. C., 369; *Hodges v. Wilson,* 165 N. C., 323; *Bain v. Lamb,* 167 N. C., 304; *Ledford v. Lumber Co.,* 183 N. C., 614.

From an examination of the record, the exceptions, and the briefs, we are satisfied that the case has been properly tried, and that there is

No error.