D. F. BUTNER v. ATLANTIC & YADKIN RAILWAY COMPANY.

(Filed 12 November, 1930.)

**1. Railroads D b—Granting of nonsuit on ground that contributory negligence of plaintiff barred recovery held error in this case.**

Where the evidence in an action for damages against a railroad company tends to show that the plaintiff, upon approaching the defendant's grade crossing with a State highway in an incorporated town, brought his automobile practically to a stop, and looked and listened for an approaching train, that fog prevented him from seeing further than the length of his car, but there was nothing to prevent his hearing any warning of an approaching train, and that, seeing and hearing nothing, he drove upon the tracks and was struck and injured by the defendant's train which approached the crossing without giving any warning by bell or whistle, the evidence failing to disclose a situation in which the plaintiff would be required to get out of his car and make further investigation before going upon the tracks: *Held,* the question of the

plaintiff's contributory negligence should have been submitted to the jury under the appropriate issue, and the granting of the defendant's motion as of nonsuit was error.

**2. Negligence C d—Burden of proving contributory negligence is on defendant.**

In an action to recover damages for an alleged negligent personal injury the burden is upon the defendant to prove contributory negligence when relied upon by him. C. S., 523.

**3. Negligence D c—Question of contributory negligence is ordinarily for the jury.**

Ordinarily, the question of whether the plaintiff is guilty of contributory negligence is to be determined by the jury, and it is only when a clear case of contributory negligence has been made out by the evidence that defendant's motion as of nonsuit on that ground should be allowed.

APPEAL by plaintiff from *Stack, J.,* at September Term, 1930, of FORSYTH. Reversed.

This is an action to recover damages for personal injuries sustained by plaintiff, and caused, as alleged in his complaint, by the negligence of the defendant in the operation of its train as it approached a public crossing. Defendant denies that it was negligent as alleged, and pleads in bar of plaintiff's recovery, his contributory negligence.

Plaintiff was injured when the automobile which he was driving was struck by defendant's train on a public crossing. His injuries were serious and permanent.

There was evidence tending to show that as defendant's train approached the crossing at a rate of speed of from 30 to 35 miles per hour, no whistle was blown, or bell rung, or other signal given, warning plaintiff of its approach. There was no watchman or gate at the crossing, which is within the corporate limits of the town of King, in Forsyth County, at a distance of from two to three hundred yards from the business section of the town. State Highway No. 66, from the town of King, via Rural Hall, towards the city of Winston-Salem, passes over defendant's track, at the crossing. As many as 1,500 automobiles pass over the crossing daily. On 7 December, 1927, plaintiff driving an automobile from the town of King and on his way to the city of Winston-Salem, approached said crossing.

Plaintiff testified that as he approached the public crossing, and when he was at a distance of about 24 feet from defendant's track, he pushed in his clutch, threw up his hand, and "came to a practical stop." He then looked and listened for a train. As he neither saw nor heard a train on defendant's track, he let out his clutch, and "eased" toward the track. As his automobile went on defendant's track, it was struck by a train, which he had neither seen nor heard. As the result of the

collision between the train and his automobile, plaintiff sustained serious and permanent injuries, from which he has suffered damages as alleged in his complaint.

It was a foggy morning. Plaintiff testified that the fog at the crossing was so thick that he could not see the length of his automobile. From the time he slowed down until his automobile was struck by defendant's train, plaintiff did not "cut off" his engine. It continued to run. There was no evidence, however, that during this time the engine was making such noise that plaintiff could not have heard the blowing of a whistle, or the ringing of a bell, or other signal warning him of the approach of the train which struck his automobile on the crossing.

There was other evidence which is not pertinent to the question presented by this appeal.

At the close of the evidence for the plaintiff, defendant moved for judgment dismissing the action as of nonsuit. The motion was allowed and plaintiff excepted.

From judgment dismissing the action as upon nonsuit, plaintiff appealed to the Supreme Court.

*J. M. Wells, Jr., and John C. Wallace for plaintiff.*
*Frank P. Hobgood for defendant.*

CONNOR, J. It is not contended by the learned counsel for the appellee in this appeal that there was no evidence at the trial of this action in the Superior Court sufficient to sustain the allegations in the complaint to the effect that plaintiff was injured by the negligence of defendant, as alleged therein. The contention is that the evidence offered by the plaintiff, considered in the light most favorable to him, shows that he contributed to his injuries by his own negligence, and that he is therefore barred of recovery in this action. The principle upon which this contention is made is well settled by this Court. *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598. It was applied by the Supreme Court of the United States in *Baltimore & Ohio Railroad Co. v. Goodman,* 72 L. Ed., 167. We do not think, however, that the principle is applicable on this appeal. In an action for the recovery of damages resulting from injuries caused by the negligence of the defendant, where the defendant relies upon the contributory negligence of the plaintiff, as a bar to his recovery, the burden is upon the defendant on the issue involving this defense. It is so provided in this State by statute. C. S., 523. Ordinarily, the question whether plaintiff was guilty of contributory negligence is to be determined by the jury. It is only when a clear case of contributory negligence has been made out by the evidence offered by the plaintiff, that a motion by the defendant for judgment as of nonsuit, on that ground, should be allowed.

In *Plyler v. R. R.,* 185 N. C., 357, 117 S. E., 297, contributory negligence is defined as "such act or omission on the part of the plaintiff, amounting to a want of ordinary care, as concurring and coöperating with the negligence of the defendant becomes the proximate cause of the injury." It is to be determined by existing conditions, and not by hypotheses or contingencies.

In *Holton v. R. R.,* 188 N. C., 277, 124 S. E., 307, it is said: "It is the recognized duty of a person on or approaching a railroad crossing to 'look and listen in both directions for approaching trains if not prevented from doing so by the fault of the railroad company or other circumstances clearing him from blame'; and where, as to persons, other than employees of the company, there has been a breach of this duty clearly concurring as a proximate cause of the injury, recovery therefor is barred. *Plyler v. R. R.,* 185 N. C., 357, 117 S. E., 297; *Davidson v. R. R.,* 171 N. C., 634, 88 S. E., 759; *Coleman v. R. R.,* 153 N. C., 322, 69 S. E., 251; *Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586."

In the instant case, there was evidence tending to show that before he drove his automobile on the crossing, plaintiff both looked and listened for an approaching train. It is true that he knew that because of the fog he could not see beyond the length of his automobile. There was no evidence that there were any conditions surrounding him which prevented him from hearing a whistle, or a bell or other signal. Realizing that because of the fog, he could not safely rely upon his sense of sight, he also listened. When he heard no whistle, or bell, or other signal, he assumed that there was no train approaching the crossing, and therefore that he could safely drive over defendant's tracks. Plaintiff drove his automobile from a place of safety to a place of danger only after he had both looked and listened. The evidence does not show a situation in which plaintiff was required to do more than look and listen. The situation, as shown by the evidence, was not such as to require plaintiff as a prudent man to get out of his automobile and make further investigation before exercising his right, under the law of this State, to use its highways, even where they cross a railroad track.

Whether or not plaintiff's conduct was that of a prudent man, is a question which, upon the evidence, he had a right to have determined by a jury. There was error in the judgment dismissing his action. The judgment is

Reversed.