ELIJAH DANCY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 8 March, 1933.)

**Railroads D b—Evidence held sufficient to overrule nonsuit in action for damages resulting from collision at crossing.**

> Evidence tending to show that defendant's train approached a crossing within a city's limits at an excessive rate of speed through a heavy fog without giving warning by bell or whistle, and struck plaintiff's truck, that plaintiff stopped his truck before attempting to cross, but failed to see or hear the approach of the train, *is held* sufficient to overrule defendant's motion as of nonsuit, there being no evidence that plaintiff could not have heard warning signals by bell or whistle had such been given.

APPEAL by plaintiff from *Daniels, J.,* at November Term, 1932, of EDGECOMBE. Reversed.

This is an action to recover damages for personal injuries suffered by plaintiff when the motor truck which he was driving was struck by defendant's train at a railroad crossing within the corporate limits of the city of Rocky Mount.

The allegations in the complaint that plaintiff was injured by the negligence of the defendant are denied in the answer. The defendant in its answer alleged that plaintiff by his own negligence contributed to his injuries, and for that reason is not entitled to recover in this action.

From judgment dismissing the action at the close of the evidence offered by the plaintiff, the plaintiff appealed to the Supreme Court.

*Geo. M. Fountain and C. H. Leggett for plaintiff.*
*Thos. W. Davis, Gilliam & Bond and Spruill & Spruill for defendant.*

CONNOR, J. The evidence offered by the plaintiff at the trial of this action tended to show that defendant's train approached the crossing at a speed of forty to fifty miles per hour, through a heavy fog, without giving warning of its approach by ringing the bell or blowing the whistle on the engine, or otherwise; it also tended to show that plaintiff stopped the truck which he was driving at a distance of twelve or fifteen feet from the defendant's tracks, and looked and listened for an approaching train. He neither heard nor saw a train, and thereupon drove his truck on the crossing. Defendant's train appeared suddenly out of the fog and struck plaintiff's truck, before he had driven off the crossing. There was evidence tending to show that because of the fog plaintiff could not see for more than one hundred to one hundred and fifty yards in the direction from which the train was approaching the crossing. There was no evidence tending to show that plaintiff could not have heard the

ringing of a bell or the blowing of a whistle. Plaintiff did not drive on the crossing until he had assured himself by the exercise of his senses of sight and hearing that no train was approaching the crossing.

There was error in the judgment dismissing the action as of nonsuit. *Butner v. R. R.,* 199 N. C., 695, 155 S. E., 601. The judgment must be Reversed.