E. Y. MEACHAM v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 25 May, 1938.)

1. Railroads § 9—Evidence that engine was not seen by driver because of mist and fog held to prevent nonsuit.

The evidence disclosed that the driver of the truck in question was thoroughly familiar with defendant's crossing, and knew there were four regular tracks and a switch track, that the tender of defendant's engine struck the truck while it was being driven over the fourth track. *Held:*

20—213

The further evidence that the approaching engine was not seen by the occupants of the truck in time to have avoided the collision because of mist or fog, prevents the granting of defendant's motion to nonsuit.

**2. Same—**

When visibility is low because of fog or mist, the increased hazard requires commensurate increase in care at railroad grade crossings, both on the part of travelers and the railroad company; heightened attention on the part of travelers, and increased need of timely warning which travelers have a right to expect on the part of the railroad company.

**3. Negligence § 1—**

The standard of care required remains that of the reasonably prudent man, the degree of care required under all circumstances being that which he would exercise under the exigencies of the occasion.

**4. Railroads § 9—Held: Under evidence court should have charged, as requested, that driver was contributorily negligent unless vision was obstructed by fog.**

When the evidence tends to show that the driver of the truck involved in a collision at a grade crossing during the daytime was thoroughly familiar with the crossing, but that he did not see defendant's approaching engine because of mist or fog, the trial court should give, in substance at least, defendant's request for instruction to the effect that the jury should answer the issue of contributory negligence in the affirmative unless it found that the driver's vision was obstructed by fog.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Finley, Emergency Judge,* at October Special Term, 1937, of MECKLENBURG.

Civil action to recover damages for personal injuries alleged to have been caused by the wrongful act, neglect or default of the defendants.

Plaintiff was injured about 9 o'clock on the morning of 7 November, 1935, at a railroad crossing in Salisbury, N. C., when the truck he was driving was struck by the tender of an engine operated by the corporate defendant, with Joe Lee the engineer in charge.

Plaintiff testified that he was employed as a truck driver for the Air Reduction Sales Company of Charlotte and was engaged in delivering oxygen and acetylene cylinders on the morning in question; that E. R. Waller, his helper, was sitting on his right in the cab seat; that it had been raining, but had stopped or was misting and there was a heavy fog; that he could see "through this mist that morning" 75 or 100 feet; that he was thoroughly familiar with the crossing and its four regular tracks, plus a switch track, making five in all; that he knew a regular train or shifting engine might be coming across the tracks at any time as the crossing was near the shifting yards of the corporate defendant; that he stopped about ten feet from the switch track, looked and listened and heard nothing; that he next stopped about ten feet of the first track,

looked and listened, and did not hear or see anything; that he then started up again, traveled a distance of forty or fifty feet in low gear at a speed of three or four miles an hour, and was struck by the tender of a shifting engine on the fourth track. "As to whether I looked south (to plaintiff's right and in the direction of the engine), I glanced that way. . . . I glanced south after I started up. I don't know exactly where I was when I glanced south, but it was something like between the first and second tracks. After that I didn't look south any more, looked to my left. I never did see the engine with which I collided. I didn't see the train at all."

Plaintiff's helper testified that he kept a close lookout down the tracks in the direction of Salisbury or towards the south; that he first saw the tender of the engine when the front wheels of the truck were about the fourth track; that he couldn't tell whether the engine was moving or standing still on account of the fog; that it was within 50 or 65 feet before he was able to determine that it was moving—backing up; that no bell or whistle, signal or warning of any kind was given of its approach; that its speed was from 40 to 50 miles an hour; that he called out to the plaintiff to "look out" just before it hit the truck.

The evidence on behalf of the defendants tends to show quite a different state of facts. The engineer testified that he saw the truck and thought it would stop; that he gave the usual signals, and applied the emergency brakes when he discovered the truck was on the fourth track; that the rain had ceased falling and while there was some slight mist, there was no fog; that he was running around fifteen or twenty miles an hour and "I think the truck was making about the same speed, around 12 to 15 miles an hour. . . . The truck did not stop—didn't make any halt whatever."

The motions for nonsuit were overruled, and in apt time the defendants requested the court to instruct the jury that "unless you find the plaintiff's vision was obstructed by a fog, you should answer the second issue (contributory negligence), 'Yes.' " Refused; exception.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff.

From judgment on the verdict, the defendants appeal, assigning errors.

*D. E. Henderson, H. L. McCormick, and Charles S. Rhyne for plaintiff, appellee.*
*W. T. Joyner and John M. Robinson for defendants, appellants.*

STACY, C. J. The one circumstance which saves the case from nonsuit, *Godwin v. R. R.,* 202 N. C., 1, 161 S. E., 541; *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800, and carries it to the jury, *Dancy v. R. R.,* 204 N. C., 303, 168 S. E., 200; *Butner v. R. R.,* 199 N. C., 695, 155

MEACHAM *v.* R. R.

S. E., 601, is the presence of evidence tending to show low visibility from fog or mist. *Parker v. R. R.,* 181 N. C., 95, 106 S. E., 755; *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690; *Morrow v. R. R.,* 146 N. C., 14, 59 S. E., 158. Compare *Loflin v. R. R.,* 210 N. C., 404, 186 S. E., 493; *Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237; *Lee v. R. R.,* 180 N. C., 413, 105 S. E., 15. Opaqueness of the atmosphere, if established, increased the need of timely warning which the plaintiff had a right to expect, *Quinn v. R. R., ante,* 48, and heightened the need of attention on his part. *Lee v. R. R., supra.* Due care, *i.e.,* commensurate care under the circumstances, was required of both. *Small v. Utilities Co.,* 200 N. C., 719, 158 S. E., 385. The accepted standard under varying conditions is the conduct of the reasonably prudent man. *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353. "The standard is always the conduct of the reasonably prudent man, or the care which a reasonably prudent man would have used under the circumstances. *Tudor v. Bowen,* 152 N. C., 441, 67 S. E., 1015. The rule is constant, while the degree of care which a reasonably prudent man exercises varies with the exigencies of the occasion." *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 358.

It follows, therefore, that the case should have been made to turn on the finding of this fact in accordance with the defendants' prayer. *Lee v. R. R.,* 212 N. C., 340; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Harris v. R. R.,* 199 N. C., 798, 156 S. E., 102.

Speaking to the mutual and reciprocal duties of trainmen and travelers on approaching a public crossing, in *Moore v. R. R.,* 201 N. C., 26, 158 S. E., 556, *Adams, J.,* delivering the opinion of the Court, said: "When approaching a public crossing the employees in charge of a train and a traveler upon the highway are charged with the mutual and reciprocal duty of exercising due care to avoid inflicting or receiving injury, due care being such as a prudent person would exercise under the circumstances at the particular time and place. 'Both parties are charged with the mutual duty of keeping a careful lookout for danger and the degree of diligence to be used on either side is such as a prudent man would exercise under the circumstances of the case in endeavoring to perform his duty.' *Improvement Co. v. Stead,* 95 U. S., 161, 24 Law Ed., 403, cited in *Cooper v. R. R.,* 140 N. C., 209. On reaching the crossing and before attempting to go upon it, a traveler must use his sense of sight and hearing—must look and listen for approaching trains if not prevented from doing so by the fault of the railroad company; and this he should do before entering the zone of danger. *Johnson v. R. R.,* 163 N. C., 431; *Holton v. R. R.,* 188 N. C., 277; *Butner v. R. R.,* 199 N. C., 695. This, as we understand it, is the prevailing rule. At any rate it is observed and has often been applied by this Court."

Plaintiff makes the point that the requested instruction is too narrow in that it omits the use of the word "mist" in connection with the word "fog." It is true some of the witnesses speak of the "mist," others of the "fog," and in several instances, perhaps both words are used, but it is conceded that the two were employed interchangeably throughout the trial. The gist of the prayer is, that unless plaintiff's vision was obstructed or obscured, he ought not to recover, because admittedly he drove directly in front of an on-coming engine, which he should have seen but for the atmospheric condition. *Bullock v. R. R.,* 212 N. C., 760; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598; *Coleman v. R. R.,* 153 N. C., 322, 69 S. E., 251; *Cooper v. R. R.,* 140 N. C., 209, 52 S. E., 932. We think the substance of the instruction should have been given. *Parks v. Trust Co.,* 195 N. C., 453, 142 S. E., 473; *Baker v. R. R.,* 144 N. C., 36, 56 S. E., 553.

The case lends itself to much writing, as was said in *Eller v. R. R., supra,* but, in the end, it all comes to the single question whether the requested instruction should have been given. We are constrained to hold that it should. This necessitates another hearing.

New trial.

SEAWELL, J., took no part in the consideration or decision of this case.