FRED HOOD, BY HIS NEXT FRIEND, AND S. L. HOOD v. ORANGE CRUSH BOTTLING COMPANY.

(Filed 1 December, 1926.)

APPEAL by defendant from *Lyon, J.,* at March Term, 1926, of MECK-LENBURG. No error.

Two actions, one by Fred Hood, a minor, and the other by S. L. Hood, his father, for damages alleged to have been caused by the negligence of ·defendant, were consolidated for trial.

From verdict sustaining the allegations of plaintiffs, and determining the amount which each is entitled to recover as damages, defendant appealed to the Supreme Court.

*A. B. Justice and John M. Robinson for plaintiffs.*
*Pharr & Currie and James A. Lockhart for defendant.*

PER CURIAM. Fred Hood, a minor 14 years of age, was injured in a collision on a street in the city of Charlotte between the bicycle which he was riding and a truck owned by defendant, and operated by its driver. The jury found that the collision was due to the negligence of defendant, and that Fred Hood did not by his own negligence contribute to his injury as alleged in the answer. The jury further found that Fred Hood was entitled to recover of defendant as damages the sum of $790, and that S. L. Hood, his father, was entitled to recover as his damages the sum of $200.

There was conflict in the evidence as to the manner in which the collision occurred. The jury found the facts to be as testified by witnesses for plaintiff. Miss Hattie Cole, a witness for plaintiff, testified that she saw the collision. She said: "I was going south to Read's store, which is south of the intersection of Vance and Mint streets. To the best of my knowledge, I was about 25 feet from the intersection of Vance and Mint streets when the collision occurred. I saw the automobile before the bicycle came. They were coming toward me. The truck was about a length or two lengths behind the boy; just as he got up, before he got to the intersection of Vance Street, the truck speeded up and tried to get in ahead of the boy up Vance Street. The front part of the truck hit the boy, caught him and the bicycle on the curb, and the back of the truck ran over his foot. The driver of the truck gave· no signal before he speeded up. He did not blow his horn and did not throw out his hand. I am not related to Mr. Hood or his family in any way; just know him when I see him; that is all." There was other evidence sustaining the allegations of the complaint.

We find no error upon the trial of these actions. Assignments of error based upon exceptions to the charge of the court to the jury cannot be sustained. The judgment is affirmed.

No error.