MACE L. WADSWORTH AND HUSBAND, J. C. WADSWORTH, JR., v. NATIONAL CONVOY AND TRUCKING COMPANY.

(Filed 21 December, 1932.)

**Negligence D c—Nonsuit for contributory negligence should be denied when more than one inference as to proximate cause can be drawn from evidence.**

In an action to recover for a negligent personal injury a motion as of nonsuit based upon contributory negligence of the plaintiff will not be granted unless there is but one reasonable inference that may be drawn from the evidence in regard to the proximate result of plaintiff's con-

tributory negligence, but where more than one inference can be drawn from the evidence the question of proximate cause must ordinarily be submitted to the jury, and in this case the defendant's motion as of nonsuit should have been denied.

APPEAL by plaintiffs from a judgment of nonsuit rendered by *MacRae, Special Judge,* at February Term, 1932, of CABARRUS. Reversed.

*B. W. Blackwelder for appellants.*
*J. Laurence Jones and Hartsell & Hartsell for appellee.*

ADAMS, J.   This is an action for damages suffered by the *feme* plaintiff to her person and her property by reason of a collision of her car with a truck operated by the defendant. The case is here on appeal from a nonsuit granted at the close of the plaintiff's evidence.

The collision occurred on 8 May, 1931, at seven-fifteen in the evening. The plaintiffs were in a Buick coupe going on Highway 15 from Concord to Charlotte. Four hundred yards south of the Jackson Training School the road curves to the right—"a long sweeping curve." The coupe was moving at the rate of forty miles an hour. The defendant's truck traveling in the direction of Concord came around the curve. It was about sixty-two feet long and was loaded with four new Ford cars; its head and tail lights were burning; as to whether there were side lights at the time of the accident the testimony is conflicting. The driver of the coupe thought it was an ordinary car.

In the center of the hard surface there was a black line six or seven inches wide. The evidence tended to show that the rear wheel of the truck was eighteen inches over the line on the wrong side of the road, and that the trailer extended from twelve to fifteen feet behind the rear wheel. The driver of the coupe testified that he could not "pull over and miss the rear end of the truck on account of a bad shoulder on the right"; also, that if he had been looking he could not have seen that the wheel was over the line.

The defendant admits its own negligence, but contends that the contributory negligence of the plaintiffs bars recovery and that this position should be sustained as a matter of law. For the purpose of supporting its contention the defendant cites *Davis v. Jeffreys,* 197 N. C., 712, *Scott v. Tel. Co.,* 198 N. C., 795, and other cases of similar import. The argument applies when only one reasonable conclusion can be drawn from the plaintiff's evidence in regard to the proximate result of his concurring negligence and he proves himself out of court. The failure to discharge an affirmative duty may be a negligent act, but if more than one inference may be drawn from the evidence, the question of proximate

cause must as a rule be determined by the jury. *Stultz v. Thomas,* 182 N. C., 470; *Fox v. Texas Co.,* 180 N. C., 543; *Ridge v. High Point,* 176 N. C., 421.

This is the principle to be applied in the case before us. The judgment is

Reversed.