ROOSEVELT DICKERSON ET AL. v. MAMIE REYNOLDS.

(Filed 24 January, 1934.)

1. **Automobiles D b—Evidence held sufficient to sustain inference that driver was defendant's agent at time of collision.**

   Evidence that defendant's son called defendant on long distance, requested her to send her car to a certain town so that he might return to his home more quickly, which he desired to do because of his wife's sudden illness, that the son was of age and that at the time was not living with defendant, that the son occasionally used the car as a member of the family, and that in response to the call defendant sent her chauffeur with the car to the place designated and that on the journey the chauffeur had an accident resulting in injury to plaintiffs, *is held* sufficient to be submitted to the jury on the issue of whether the chauffeur was defendant's agent at the time, the evidence being sufficient to support an inference to that effect, and the inferences to be drawn from the evidence being for the determination of the jury.

**2. Trial D a—On motion of nonsuit all evidence is to be considered in light most favorable to plaintiff.**

On motion as of nonsuit all the evidence which tends to support plaintiff's cause of action is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

APPEAL by defendant from *Shaw, Emergency Judge,* at May Term, 1933, of DAVIDSON.

Civil actions to recover damages for personal injuries to plaintiffs, and to the car in which they were riding, alleged to have been caused by the negligence of the defendant, and as the several causes of action arose out of the same collision, or the same state of facts, for convenience, they were consolidated and tried together. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Baker v. R. R., ante,* 329.

The essential facts are these: On 22 October, 1932, plaintiffs were injured, and the car in which they were riding was damaged, in a collision with defendant's automobile, operated at the time by Walter Aiken, defendant's chauffeur. For present purposes, it is conceded the evidence was sufficient to carry the case to the jury on the alleged negligence of Walter Aiken, but it is contended he was not the defendant's agent, or driving for the defendant, at the time of the collision.

The question of agency or liability is to be determined solely from the testimony of the defendant, who was called as a witness by the plaintiffs.

Her evidence is to the effect that she is the mother of Robert R. Reynolds; that she lives just outside the city of Asheville; that Walter Aiken was in her employ as butler, chauffeur and general utility man during the fall of 1932; that on the day in question, having received word her son's wife was critically ill, she immediately telephoned her son, who was away from home on a speaking tour, and acquainted him with the fact of his wife's illness. "In consequence of this message I sent the car with Walter Aiken to meet him after he got through speaking at some place near Lexington so he could get home earlier than he would if he had to go to Greensboro to take the train."

The defendant further testified: "At that time, my son was making his home in Asheville. He maintained an apartment there. He did not live with me just at that time. He was of legal age, 47 years old, and occasionally came and spent some time with me, but on this occasion he was not living with me. His regular home was my home. Prior to October, 1932, he had made his home for a long time with me, but just at that time he was living in the city. I had permitted or allowed my son, for his convenience, to use my automobile as a member of the family. He had made use of it occasionally for pleasure but not regularly. He was not using my car at the time to travel from one place to

another in the State. With reference to whose mission the car was on—well, the nurse had phoned my son his wife was critically ill. Naturally, he was nervous and excited and wanted to get home as quickly as possible. He phoned and asked me to send Walter down to some point near Lexington—I have forgotten the town—with the car. My son was the one who phoned me. In consequence of this phone message, I called Walter and told him to take the car to my son at this point."

At the close of plaintiff's evidence, and again at the close of all the evidence, the defendant demurred and moved for judgment of nonsuit. Overruled; exception.

From verdicts and judgments for the plaintiffs, the defendant appeals, assigning as errors the refusal of the court to dismiss the actions as in cases of nonsuit.

*Phillips & Bower and Spruill & Olive for plaintiffs.*
*Don A. Walser and Marcus Erwin for defendant.*

STACY, C. J. Whose servant or agent was Walter Aiken at the time of the collision, the defendant's or her son's? The case turns on the answer to this question. It may be resolved either way by the record. This makes it a case for the jury. *Parrish v. Armour Co.,* 200 N. C., 654, 158 S. E., 188.

The rule is, that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim, or tends to support his cause of action, is to be taken in its most favorable light for the plaintiff, and he is "entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom." *Christman v. Hilliard,* 167 N. C., 4, 82 S. E., 949; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Hill v. Ins. Co.,* 200 N. C., 115, 156 S. E., 518; *Hamilton v. R. R.,* 200 N. C., 543, 158 S. E., 75.

We are not unmindful of the strength of the argument which points in the opposite direction, but the inferences to be drawn from the evidence are matters properly to be considered by the jury. *McGee v. Crawford, ante,* 318; *Grier v. Woodside,* 200 N. C., 759, 158 S. E., 491. It is ours only to determine whether the evidence is fit to be submitted to the twelve. Its credibility is for them. The cases cited and relied upon by the defendant are not controlling on the present record.

The learned judge who tried the cases thought the evidence sufficient to support the verdicts. His refusal to nonsuit the cases is supported by the apposite decisions on the subject.

No error.