NELLIE MAY LINCOLN, ADMINISTRATRIX, v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 27 February, 1935.)

1. **Trial D a—On motion of nonsuit all the evidence is to be considered in the light most favorable to plaintiff.**

Upon a motion as of nonsuit all the evidence which makes for plaintiff's claim or tends to support his cause of action is to be considered in its most favorable light for plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.   C. S., 567.

2. **Same—Sufficiency of evidence upon motion of nonsuit.**

A showing sufficient to support plaintiff's claim carries the case to the jury over defendant's motion as of nonsuit, and plaintiff's case may be established by circumstantial evidence, and mere discrepancies and contradictions, even in plaintiff's evidence, are not sufficient to warrant the withdrawal of the case from the jury, since the weight and credibility of the testimony is for the jury, but where the evidence is so slight as not reasonably to warrant the inference of the fact in issue the motion should be allowed.

3. **Trial D d—**

The competency of evidence and witnesses is for the court, while their credibility is for the jury.

4. **Negligence D c—**

When more than one legitimate inference can be drawn from the evidence the question of proximate cause is for the jury.

5. **Same—**

The issue of contributory negligence is ordinarily for the jury, and it is only when the plaintiff proves himself out of court that a nonsuit for contributory negligence should be allowed, and even then, in proper instances and upon sufficient showing, plaintiff may be entitled to go to the jury on the doctrine of last clear chance.

6. **Railroads D b—Held, railroad's motion of nonsuit in this action for death of intestate killed at crossing, should have been denied.**

In this action to recover for intestate's death resulting from a collision of intestate's car with a train at a railroad crossing, defendant railroad company moved for nonsuit on the ground of contributory negligence for that intestate did not stop the car before driving upon the tracks:  *Held,* the motion should have been denied under the evidence, considered in the light most favorable to plaintiff.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1934, of BEAUFORT.

Civil action to recover damages for the death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendant, instituted under section 11 of the North Carolina Work-

men's Compensation Act on behalf of the insurance carrier, and prosecuted as provided by the statute in the name of the personal representative. *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613; *S. c.,* 204 N. C., 668, 169 S. E., 419.

The facts are these: Plaintiff's intestate was killed 10 January, 1933, at a railroad crossing near Washington, N. C., in a collision between the automobile or truck in which he was riding and a train operated by the defendant. It appears from the plaintiff's evidence that the train approached the crossing at a speed of 45 or 50 miles an hour without signals or warning of any kind; and that plaintiff's intestate's view was obstructed so that he could not see the oncoming train until he was within 3 or 4 or 5 feet of the track. Other witnesses said he could have seen the train 20 or 25 feet from the track. He drove upon the track and was hit by the train.

It is conceded by defendant that plaintiff's evidence is sufficient to carry the case to the jury on the issue of negligence, but defendant contends the evidence of contributory negligence is such as to bar a recovery, and that the judgment of nonsuit should be sustained.

From a judgment dismissing the action at the close of all the evidence the plaintiff appeals, assigning error.

*Ruark & Ruark for plaintiff.*
*Thomas W. Davis and MacLean & Rodman for defendant.*

STACY, C. J. On considering a motion to nonsuit under the Hinsdale Act, C. S., 567, or a demurrer to the evidence, it is established by numerous decisions:

1. That the evidence which makes for plaintiff's claim, or tends to support his cause of action, is to be taken in its most favorable light for the plaintiff, and he is "entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom." *Dickerson v. Reynolds,* 205 N. C., 770, 172 S. E., 402; *Jones v. Bagwell, ante,* 378; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356.

2. That mere discrepancies and contradictions, even in the plaintiff's evidence, are matters for the jury and not for the court. *Newby v. Realty Co.,* 182 N. C., 34, 108 S. E., 323; *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86.

3. That the facts in issue may be established by circumstantial evidence as well as by direct proof. *Lynch v. Tel. Co.,* 204 N. C., 252, 167 S. E., 847; *Fitzgerald v. R. R.,* 141 N. C., 530, 54 S. E., 391.

4. That the competency of evidence and witnesses is for the court, while their credibility is for the twelve. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *Cogdell v. R. R.,* 129 N. C., 398, 40 S. E., 202.

5. That a showing sufficient to support the plaintiff's claim carries the case to the jury. *Brown v. R. R.,* 195 N. C., 699, 143 S. E., 536; *Cox v. R. R.,* 123 N. C., 604, 31 S. E., 848.

6. That if the evidence be so slight as not reasonably to warrant the inference of the fact in issue, the court will not leave the matter to the speculation of the jury. *Eller v. R. R.,* 200 N. C., 527, 157 S. E., 800; *Poovey v. Sugar Co.,* 191 N. C., 722, 133 S. E., 12; *Brown v. Kinsey,* 81 N. C., 245.

7. That when more than one legitimate inference can be drawn from the evidence, the question of proximate cause is to be determined by the jury. *Wadsworth v. Trucking Co.,* 203 N. C., 730, 166 S. E., 898; *Stultz v. Thomas,* 182 N. C., 470, 109 S. E., 361.

8. That in negligence cases the issue of contributory negligence is ordinarily for the twelve. *Butner v. R. R.,* 199 N. C., 695, 155 S. E., 601; *Smith v. R. R.,* 200 N. C., 177, 156 S. E., 508.

9. That only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence. *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342; *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598.

10. That notwithstanding the contributory negligence of the plaintiff, he may still recover, in proper instances and upon sufficient showing, under the doctrine of the last clear chance. *Jenkins v. R. R.,* 196 N. C., 466, 146 S. E., 83; *Redmon v. R. R.,* 195 N. C., 764, 143 S. E., 829.

Applying these principles to the facts of the instant case, it would seem that the motion to nonsuit should have been overruled. There was error in sustaining it. Speaking to a similar situation in *Harris v. R. R.,* 199 N. C., 798, 156 S. E., 102, it was said: "That law in this State does not impose upon the driver of a motor vehicle, on his approach to a public crossing, the duty, under all circumstances, to stop his vehicle before driving on the crossing. Whether under all the circumstances, as the evidence tends to show, and as the jury may find from the evidence, the failure of the driver to stop, as well as to look and listen for an approaching train at a railroad crossing, was negligence on his part, is ordinarily a question involving matters of fact as well as of law, and must be determined by the jury under proper instructions from the court. This principle has statutory recognition in this State." See, also, *Keller v. R. R. and Davis v. R. R.,* 205 N. C., 269, 171 S. E., 73, and cases there cited.

Reversed.