H. G. DOZIER v. W. P. WOOD.

(Filed 18 September, 1935.)

1. **Frauds, Statute of, A a—Evidence held for jury on question of whether promise was original one not coming within provisions of C. S., 987.**

   Plaintiff furnished defendant's tenants fertilizer and supplies which were used on defendant's farm. Evidence of defendant's statements to plaintiff at the time plaintiff agreed to furnish the merchandise *is held* susceptible of the interpretation that defendant's promise to pay therefor was an original promise not coming within the statute of frauds, C. S.,

987, and not a superadded one barred by the statute, and the question of interpretation should have been submitted to the jury, and the granting of defendant's motion for judgment as of nonsuit was error.

**2. Trial D a—**

On a motion of nonsuit the plaintiff is entitled to a liberal view of the evidence, and discrepancies and contradictions, even in plaintiff's evidence, are matters for the jury, and not the court.

**3. Frauds, Statute of, A a—**

Whether a promise is an original one not coming within the provisions of C. S., 987, or a superadded one required by the statute to be in writing, does not depend altogether on the form of expression, but the situation of the parties, and whether they understood the promise to be direct or collateral, should also be considered.

APPEAL by plaintiff from *Cranmer, J.,* at March Term, 1935, of CURRITUCK.

Civil action to recover for fertilizer and supplies sold by plaintiff and used by tenants on defendant's farm.

The plaintiff is a merchant in Currituck County. The defendant is a resident of Pasquotank County and the owner of a farm in Currituck, which was rented to W. E. Davis and W. B. Davis, on shares, during the year 1931.

On 13 January, 1931, the defendant, in company with his tenants, had a conversation with the plaintiff relative to supplies for the farm.

Plaintiff testified: "Mr. Wood said he wanted the Davises to buy everything from me that I handled that they could buy and had to have. He said their bills would have to be paid for whatever was furnished to that farm. Mr. Wood had to get some mules for the boys, which he paid for. With reference to the seed and fertilizer, he said it would be paid for. He said that he would pay for it if they didn't, and later he gave me a check for $305.00. The balance due on that account is $742.05. I furnished the credit to Mr. Wood. I would not have furnished the seed and fertilizer to W. E. and W. B. Davis . . . The Davis boys used them (seed and fertilizer), but my understanding was Mr. Wood would pay for them. . . . I furnished the stuff to Mr. Wood for the Davis boys. . . . (Cross-examination): Mr. Wood said that the fertilizer would be paid for by that farm. I do not recall the exact words. I told Mr. Morris that besides the Davis boys being liable, Mr. Wood was liable by virtue of this conversation. That is what I say now."

W. E. Davis testified: "I heard Mr. Wood tell him that he would see that he was taken care of."

W. B. Davis testified: "Mr. Wood told Mr. Dozier that he would see he got his money for anything furnished us."

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*C. R. Morris and John H. Hall for plaintiff.*
*McMullan & McMullan for defendant.*

STACY, C. J. Little can or need be added to what was said in the two opinions filed in the case of *Peele v. Powell,* 156 N. C., 553, 73 S. E., 234, on rehearing, 161 N. C., 50, 76 S. E., 698, on the difference between an original promise, which is not within the statute of frauds, and a superadded one, which is within the statute. C. S., 987. The difference in statement is clear enough. Difficulty often arises, however, in determining whether the evidence in a given case places it in the one category or the other. *Gennett v. Lyerly,* 207 N. C., 201, 176 S. E., 275; *Garren v. Youngblood,* 207 N. C., 86, 176 S. E., 252. The solution, in such instances, generally lies in summoning the aid of a jury. *Whitehurst v. Padgett,* 157 N. C., 424, 73 S. E., 240. And so, in the instant case, we think the evidence is susceptible of an interpretation which requires its submission to the twelve. *Taylor v. Lee,* 187 N. C., 393, 121 S. E., 659.

On demurrer to the evidence or motion to nonsuit under the Hinsdale Act, C. S., 567, the plaintiff is entitled to a liberal view of evidence. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601. Discrepancies and contradictions, even in plaintiff's evidence, are matters for the jury, and not for the court. *Newby v. Realty Co.,* 182 N. C., 34, 108 S. E., 323; *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86.

The true character of a promise, whether original or superadded, does not depend altogether on the form of expression. The situation of the parties should be considered and whether they understood it to be collateral or direct. *Dale v. Lbr. Co.,* 152 N. C., 651, 68 S. E., 134; *Davis v. Patrick,* 141 U. S., 479; *Emerson v. Slater,* 63 U. S., 28.

Reversed.