### J. W. DIAMOND v. McDONALD SERVICE STORES, Etc.

(Filed 19 May, 1937.)

1. **Negligence § 4b—Evidence held for jury in action by invitee to recover for owner's failure to warn of dangerous substance on premises.**

   This action was instituted by a welder to recover for injuries sustained when his acetylene torch heated and exploded a container of alcohol on defendant's premises, where he had been sent by his employer in response to a call by defendant. *Held:* The evidence should have been submitted to the jury on the questions of whether defendant was negligent in failing to warn plaintiff of the presence of inflammable material, and whether plaintiff was guilty of contributory negligence.

2. **Trial § 22—**

   On motion to nonsuit, plaintiff is entitled to every germane fact and inference of fact which may be reasonably deduced from the evidence.

**3. Negligence § 1—**
    Negligence is the failure to exercise that degree of care for others'
safety which a reasonably prudent man, under like circumstances, would
exercise, and may consist either of acts of commission or omission.

APPEAL by plaintiff from *Armstrong, J.,* at February Term, 1937, of
GUILFORD.

Civil action to recover damages for personal injuries alleged to have
been caused by the wrongful act, neglect, or default of the defendant.

The defendant conducts a gasoline and service station in the city of
Greensboro. Plaintiff is a welder, employed by Rierson Brothers of
the same city. On 21 August, 1936, in response to a call from the
defendant, the plaintiff went to defendant's station, with an acetylene
torch, for the purpose of cutting a steel runner over a grease pit. The
plaintiff examined the pit and its surroundings to make sure that no
inflammable material was located within range of fire of the torch.
Observing nothing of a dangerous character in or near the pit, the plain-
tiff began work at the point indicated by defendant's agent. When
plaintiff had cut about a half-inch, "with his flame aimed at an angle
downward," a barrel or container of alcohol, which had theretofore been
stored in the pit by the defendant, exploded and burned plaintiff's face
and arms. Plaintiff testified: "I never did see this can of alcohol that
exploded. I did not know it was there. . . . Neither the man who
took me there, nor anyone else connected with the defendant corporation,
pointed out to me or told me of any inflammable material in close
proximity of the work I was to do."

Upon denial of liability and plea of contributory negligence, there was
a judgment of nonsuit at the close of plaintiff's evidence, from which
he appeals, assigning errors.

*Frazier & Frazier and Huger S. King for plaintiff, appellant.*
*Hobgood & Ward for defendant, appellee.*

STACY, C. J. The case turns on two questions: (1) Was it the duty
of the defendant to warn the plaintiff of the presence of inflammable
material in the pit? (2) Was plaintiff contributorily negligent? Both
questions, we apprehend, should be submitted to the jury for answer
under proper instructions from the court. *Ellington v. Ricks,* 179 N. C.,
686, 102 S. E., 510; *Evans v. Lbr. Co.,* 174 N. C., 31, 93 S. E., 430;
*Absher v. Raleigh, ante,* 567; *Cole v. R. R., ante,* 591. See *Cook v.
Mfg. Co.,* 183 N. C., 48, 110 S. E., 608. "The rule applicable in cases
of this kind is, that if diverse inferences may reasonably be drawn from
the evidence, some favorable to the plaintiff and others to the defendant,
the cause should be submitted to the jury for final determination"—

*Adams, J.,* in *Hobbs v. Mann,* 199 N. C., 532, 155 S. E., 163. See *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Wadsworth v. Trucking Co.,* 203 N. C., 730, 166 S. E., 898; *Ridge v. High Point,* 176 N. C., 421, 97 S. E., 369.

On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence. *Cole v. R. R., supra; James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607; *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356.

Negligence is a breach of some duty imposed by law. It is doing other than, or failing to do, what a reasonably prudent man, similarly situated, would have done. *Cole v. R. R., supra.* In short, negligence is a want of due care; and due care means commensurate care under the circumstances. *Small v. Utilities Co.,* 200 N. C., 719, 158 S. E., 385. The lack of diligence, or want of due care, may consist in doing the wrong thing at the time and place in question, or it may arise from inaction or from doing nothing when something should have been done. *Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776. The standard is always the conduct of the reasonably prudent man, or the care which a reasonably prudent man would have used under the circumstances. *Tudor v. Bowen,* 152 N. C., 441, 67 S. E., 1015. The rule is constant, while the degree of care which a reasonably prudent man exercises varies with the exigencies of the occasion. *Small v. Utilities Co., supra; Fitzgerald v. R. R.,* 141 N. C., 530, 54 S. E., 391; *Hanes v. Shapiro,* 168 N. C., 24, 84 S. E., 33; 9 R. C. L., 1200.

As the principles involved are well settled, and the case is to be tried again, we refrain from discussing the evidence, so that, on the rehearing neither side may be benefited or prejudiced thereby.

Reversed.