L. S. AND GERTRUDE GUNN v. BLUE BIRD TAXI COMPANY.

(Filed 24 November, 1937.)

**Trial § 23—**

> Contradictory statements by plaintiff in his examination in chief and in his cross-examination do not warrant the granting of defendant's motion to nonsuit, it being for the jury to determine which version of the facts they will believe.

APPEAL by defendant from *Hill, Special Judge,* at August Special Term, 1937, of MECKLENBURG.

Civil action by L. S. Gunn to recover damages for injuries to his automobile and action by Gertrude Gunn for personal injuries, and cross action by defendant against L. S. Gunn, by consent, consolidated and tried together, as all three causes arise out of the same traffic collision.

On 12 November, 1936, a taxicab owned and operated by the defendant, collided with L. S. Gunn's Chevrolet automobile at the intersection of Fifth Street and Laurel Avenue in the city of Charlotte. L. S. Gunn was driving his car at the time and with him was his wife, Gertrude Gunn. The husband sues for damages to his automobile, the wife for personal injuries. The jury awarded the husband $200 and the wife $3,840. Defendant recovered nothing on its cross action.

From judgments on the verdicts, the defendant appeals, assigning errors.

*J. L. DeLaney for plaintiffs, appellees.*
*J. Laurence Jones for defendant, appellant.*

PER CURIAM. In view of the equivocal and somewhat confusing, if not self-contradictory, testimony of L. S. Gunn, the jury might well

have answered the issue of contributory negligence against him in his action, nevertheless there is some evidence to support the verdict, and the matter was for the twelve. *Hancock v. Wilson,* 211 N. C., 129, 189 S. E., 631; *Jackson v. Scheiber,* 209 N. C., 441, 184 S. E., 17; *Dozier v. Wood,* 208 N. C., 414, 181 S. E., 336; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Insurance Co. v. Edgerton,* 206 N. C., 402, 174 S. E., 96; *Collett v. R. R.,* 198 N. C., 760, 153 S. E., 405; *Wimberly v. R. R.,* 190 N. C., 444, 130 S. E., 116.

Speaking to the point in *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86, *Allen, J.,* said: "We are not inadvertent to the fact that the plaintiff made a statement on cross-examination as to a material matter, apparently in conflict with his evidence when examined in chief, but this affected his credibility only, and did not justify withdrawing his evidence from the jury. *Ward v. Mfg. Co.,* 123 N. C., 252."

In similar fashion, in *Christman v. Hilliard,* 167 N. C., 4, 82 S. E., 949, *Walker, J.,* reversing a nonsuit, remarked: ". . . the witness R. D. Christman had the right to change his mind, and it was for the jury to say which of the two statements made by him they would accept."

Again, in *Smith v. Coach Line,* 191 N. C., 589, 132 S. E., 567, *Brogden, J.,* speaking for the Court, said: "In *Shell v. Roseman,* 155 N. C., 90, this Court has held that conflicting statements of a witness in regard to or concerning a material or vital fact does not warrant a withdrawal of the case from the jury. It affects only the credibility of the witness, and therefore, where inconsistent and conflicting statements are made by a witness or a party, the judge has no power to determine which is correct. This function belongs exclusively to the jury."

The case of the *feme* plaintiff presents little more than a controverted issue of fact, which the jury has determined in her favor. A careful perusal of the record leaves us with the impression that no substantial or reversible error has been made to appear. Hence, the verdicts and judgments will be upheld.

No error.