WILL McMILLAN v. O'NEAL BUTLER.

(Filed 11 December, 1940.)

1. **Automobiles § 18a—Question of proximate cause held for jury upon evidence in this case.**

   This action was instituted to recover damages to plaintiff's car resulting from a collision with defendant's car.   The evidence tended to show that plaintiff was driving on a dirt road which intersected a hard surface highway, that he stopped in obedience to a road sign before entering upon the intersection, that he did not see defendant's car although the view was clear and unobstructed for a distance of from 240 to 295 yards, and that defendant's car struck him before he had cleared the intersection.   There was evidence that defendant approached the intersection along the hard surface highway at 75 or 80 miles an hour.   Defendant testified that his speed was not more than 40 or 50 miles an hour.   *Held:* Conceding that both drivers may have been negligent, defendant's motion to nonsuit on the ground of contributory negligence was properly overruled, the question of proximate cause being for the jury.

2. **Negligence §§ 5, 19b—**

   When more than one legitimate inference can be drawn from the evidence, the question of proximate cause is for the jury and defendant's motion to nonsuit on the ground of contributory negligence is properly overruled.

3. **Trial § 32—**

   Where defendant's request for instructions on a particular aspect of the case is given in a special instruction by the court after recalling the jury, and the instruction is correct and adequate upon the point, defendant may not successfully contend on appeal that the charge was erroneous for the failure of the court to give more particular or slightly different instructions upon the same aspect.

APPEAL by defendant from *Clement, J.,* at April Term, 1940, of SCOTLAND.

Civil action to recover damages for an alleged negligent injury to plaintiff's property.

The facts are these: On Sunday afternoon, 3 December, 1939, defend-

ant was traveling in his automobile on Highway No. 74 between Hamlet and Laurinburg. A dirt road crosses this highway about one mile west of Laurinburg. The plaintiff, driving southward on the dirt road, approached the intersection in his automobile and stopped in obedience to the sign appearing on the side road. He says that he looked in both directions before entering upon the intersection and did not see the defendant's car coming from the west, albeit he had a clear and unobstructed view for a distance of from 240 to 295 yards. It is in evidence that the defendant approached the intersection at a rate of 75 or 80 miles an hour. His own testimony is, that his speed was not more than 40 or 50 miles an hour. He struck the plaintiff's car before it had cleared the intersection and knocked it around without turning it over. Both cars were badly damaged, but none of the occupants sustained any serious injury.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff, the amount of damages being assessed at $300.

From judgment on the verdict, the defendant appeals, assigning errors.

*Cox & Cox for plaintiff, appellee.*
*Gibson & King for defendant, appellant.*

STACY, C. J. The defendant feckfully contends that the plaintiff contributed to his own injury by driving in front of an on-coming car without keeping a proper lookout or without heeding what a proper lookout would have disclosed, and that recovery should be denied on the ground of plaintiff's contributory negligence. *Tart v. R. R.*, 202 N. C., 52, 161 S. E., 720.

Conceding that both drivers may have been negligent, we think the question of proximate cause, and hence the issue of ultimate liability, was for the jury. *Lincoln v. R. R.*, 207 N. C., 787, 178 S. E., 601; *Oldham v. R. R.*, 210 N. C., 642, 188 S. E., 106; *Boykin v. R. R.*, 211 N. C., 113, 189 S. E., 177. The rule is, that when more than one legitimate inference can be drawn from the evidence, the question of proximate cause is for the twelve. *Wadsworth v. Trucking Co.*, 203 N. C., 730, 166 S. E., 898.

The defendant also assigns as error the failure of the court to instruct the jury "that regardless of whether the plaintiff actually saw the defendant's approaching car, he would be guilty of contributory negligence if he had a clear and unobstructed view of the highway for a distance of from 240 to 295 yards and could have seen the defendant in time to have avoided the collision if he had been keeping a proper lookout."

Conceding the appropriateness of such an instruction on the record as it appears, we think the court fairly met the issue when he recalled the jury and gave the following special instruction: "It was the duty of the plaintiff, before attempting to cross the highway, to keep a proper look-out for cars approaching on the highway; and, if the jury shall find from the greater weight of the evidence that the plaintiff failed to keep a proper lookout and that his failure to keep a proper lookout was a proximate cause of the injury to his automobile, then the plaintiff would be guilty of contributory negligence, and he would not be entitled to recover any damages from the defendant."

Thus, it appears the trial court dealt with the situation in the very language of the defendant's prayer. Of course, hindsight is usually better than foresight, and the defendant now prefers a slightly different instruction, but the charge as given was all that was requested at the time, and it seems adequate.

A careful perusal of the entire record leaves us with the impression that the case has been tried in substantial conformity to the decisions on the subject and that the verdict and judgment should be upheld. It is so ordered.

No error.