B. F. WELLONS v. M. B. SHERRIN ET AL.

(Filed 30 April, 1941.)

1. **Negligence § 20—Whether particular conduct is at variance with conduct of reasonably prudent man in similar circumstances is question for jury.**

The court's charge, after reciting plaintiff's evidence, that if the jury found those to be the facts by the greater weight of the evidence, and further found "that that was negligence," *is held* not error as submitting a question of law to the jury, but the charge properly left it for the jury to determine whether upon the facts as contended for by plaintiff, defendants' conduct constituted negligence, *i.e.*, whether defendants had done or failed to do what a reasonably prudent man would have done in the circumstances of the case.

**2. Negligence § 1—**

Negligence is doing other than, or failing to do, what a reasonably prudent man, similarly situated, would have done.

**3. Negligence § 20—Charge, construed as a whole, held not prejudicial.**

The court charged the jury that if they found by the greater weight of the evidence the facts and circumstances to be as contended for by plaintiff, and that the conduct of defendants in such circumstances constituted negligence, to answer the issue of negligence in the affirmative, but that "if you are not so satisfied about it" to answer the issue in the negative. *Held:* The quoted phrase, when taken in connection with other portions of the charge, merely instructed the jury, in effect, that the plaintiff was required to satisfy them of the correctness of his position by the greater weight of the evidence, and the use of the phrase, construing the charge as a whole, was not prejudicial to plaintiff.

**4. Negligence § 4a—**

This action was predicated upon alleged negligence of defendants, landlord and tenants, in maintaining an open pit on the land of one of the tenants to take care of the overflow from a septic tank on the leased premises, the expense of digging the pit and connecting it with the septic tank being prorated among defendants. There was no evidence that the landlord participated in the maintenance of the pit. *Held:* If the conduct of the tenants did not constitute negligence, the landlord cannot be guilty of negligence.

APPEAL by plaintiff from *Johnston, Special Judge,* at Extra Civil Term, September, 1940, of MECKLENBURG.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect, or default of the defendants.

The defendant Sherrin leased a filling station and grill to his co-defendants, the Sappenfields. The septic tank on the premises became unsatisfactory, so the landlord and his tenants agreed to prorate the expense and to dig a cinder pit six or nine feet deep some distance away on a lot belonging to the Sappenfields and to run an overflow pipe from the septic tank to the pit. This was done. It is alleged that this pit was negligently left open, and on the afternoon of 16 February, 1939, plaintiff's intestate, a child 4½ years of age, fell into the pit and was drowned.

There is no evidence that the landlord participated in the maintenance of the pit at any time after its construction.

Two separate issues of liability were submitted to the jury, first, the liability of the tenants, and, second, the liability of the landlord.

After a recital of the plaintiff's evidence, the trial court concluded his charge on the first issue as follows: "Now if you find those to be the facts by the greater weight of the evidence (A) and you further find that that was negligence on the part of the defendants, the Sappenfields,

and you further find that that negligence was the proximate cause of the death or injury to this child, you would answer the first issue 'Yes.' But if you do not find that to be true, or if you are not satisfied about it, then you would answer that issue 'No.' " (B) Exception.

The jury answered the first issue "No" and returned its verdict without answering the other issues.

Plaintiff appeals, assigning errors.

*Jake F. Newell, B. F. Wellons, and John A. McRae for plaintiff, appellant.*
*Hartsell & Hartsell for defendants, appellees.*

STACY, C. J.  The instruction which the plaintiff assigns as error was patterned after the language of the majority opinion when the case was here on demurrer of the landlord at the Spring Term, 1940, reported in 217 N. C., 534, 8 S. E. (2d), 820.  There it was said:

"If the defendant Sherrin was in fact at the time participating in the maintenance of the pit or hole located on the premises of the defendants Sappenfield, and the plaintiff offers evidence tending to support the other allegations, then it is for the jury to say whether, in the exercise of ordinary care, it was his duty to provide protection by fence or other devices and to give warning of the danger incident to the existence of the pit."

The court was not submitting a question of law to the jury when he used the expression, "and you further find that that was negligence," etc. Rather, he was leaving it for the jury to say whether the defendants, in the exercise of ordinary care, had done or failed to do what a reasonably prudent man would have done in the circumstances of the case.  Negligence is doing other than, or failing to do, what a reasonably prudent man, similarly situated, would have done.  *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 358.  The further expression, "or if you are not satisfied about it," of which the plaintiff complains and cites *Willis v. R. R.,* 122 N. C., 905, 29 S. E., 941, as authority for his position, only had the effect, when taken in connection with other portions of the charge, of saying to the jury that the plaintiff was required to satisfy them of the correctness of his position by the greater weight of the evidence.  *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398.  It is not perceived wherein the charge was prejudicial to the plaintiff.  *Williams v. Woodward,* 218 N. C., 305, 10 S. E. (2d), 913.

There is no evidence that the landlord participated in the maintenance of the pit.  And, of course, if his tenants are not liable, he is not.

The verdict and judgment are supported by the record.

No error.