RALPH THREATT, BY HIS NEXT FRIEND, A. R. THREATT, ET AL., v. RAILWAY EXPRESS AGENCY, INC.

(Filed 29 April, 1942.)

**1. Automobiles § 8—**

The drivers of vehicles along a city street are under mutual and reciprocal duty to exercise reasonable care under the circumstances arising from the exigencies of traffic.

**2. Automobiles §§ 9d, 18a, 18c—Evidence held insufficient to support recovery by cyclist struck while standing in street astride bicycle.**

Defendant's driver was operating a tractor truck consisting at the time of chassis and cab without trailer. On the rear were dual wheels, the outside tire of which projected beyond the line of travel of the front wheel, unprotected by fender. Plaintiff was standing in the street astride his bicycle waiting an opportunity to proceed with the traffic after the traffic light had turned green. Plaintiff testified to the effect that he was standing 3, 4 or 5 feet from the curb, waiting for the tractor, which was traveling very slowly, to pass him. The outside rear wheel of the tractor struck plaintiff's foot. The driver testified that he did not see anyone in the street when he passed the *locus,* and that when he backed the truck off plaintiff's foot the outside wheel was 6 feet 8 inches from the curb. *Held:* In the absence of evidence raising more than mere speculation whether the driver could have seen plaintiff's precarious position before the rear wheel struck him, defendant's motion to nonsuit should have been granted, if not upon the issue of negligence, then upon the issue of contributory negligence.

**3. Negligence § 1a—**

Negligence is doing other than, or failing to do, what a reasonably prudent person, similarly situated, would have done.

APPEAL by defendant from *Blackstock, Special Judge,* at November Special Term, 1941, of MECKLENBURG.

Civil action to recover damages for personal injuries sustained by plaintiff when his left foot was caught under the rear wheel of defendant's truck on a public street in the city of Charlotte.

Plaintiff was injured on 16 October, 1940. He was then 19 years of age and employed by the Western Union Telegraph Company as a messenger. He came out of the telegraph office on East Third Street on his way to lunch, got his bicycle which was parked in the rack in front of the office door, turned it around in the direction of Tryon Street which was some distance away, stopped for the red light to turn, and he says, "I waited for traffic to get on by and this truck, Railway Express truck, was coming from behind. It never did come to a standstill, it proceeded slowly, and I was waiting for it to get on by and the rear wheel struck my left foot, as I was standing there waiting for the traffic to proceed so I could go on. (Cross-examination) I was standing about 3 or 4 feet from the curb. . . . I was approximately this distance (indicating about 5 feet) from the curb."

The right rear tire of defendant's tractor, consisting of chassis and cab—it did not have trailer attached at the time—which struck the plaintiff's foot was on the outer dual wheel. It projected beyond the line of travel of the front wheel, and was unprotected by fender.

The driver of the chassis and cab testified that he stopped for the red light, with two cars standing in front of him; that the plaintiff had not entered the street when his cab passed the bicycle rack. "There was not anyone in the street in front of the Western Union door where that rack is when I passed the rack and came to a stop. . . . When I started up I caught his foot. . . . I stopped and looked back through my back glass. . . . I backed the truck off his foot. . . . I asked him how he got under the truck. He said he didn't know. . . . It measured 6 feet 8 inches from the curb to the outside of the dual wheel tire, the right hand rear tire, the one that caught the boy. . . . The bicycle rack was behind the truck when I got out."

The defendant moved for judgment of nonsuit at the close of plaintiff's evidence and again at the close of all the evidence. Overruled; exception.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiff. From judgment on the verdict, the defendant appeals, assigning errors.

*W. Vance Howard and Paul R. Ervin for plaintiff, appellee.*
*Cansler & Cansler for defendant, appellant.*

STACY, C. J. The question before us is the sufficiency of the evidence to carry the case to the jury. The record suggests that the demurrer to the evidence should be sustained, if not upon the principal issue of liability, then upon the ground of contributory negligence. *Swainey v. Tea Co.,* 202 N. C., 272, 162 S. E., 557; *Miller v. Holland,* 196 N. C.,

739, 147 S. E., 8.   *Cf. Wooten v. Smith,* 215 N. C., 48, 200 S. E., 921; *Hood v. Bottling Co.,* 192 N. C., 827, 135 S. E., 609.   Both the driver of the truck and the plaintiff were charged with the mutual and reciprocal duty to exercise reasonable care under the circumstances arising from the exigencies of traffic in the street.   *Moore v. R. R.,* 201 N. C., 26, 158 S. E., 556.

The allegation of negligence is, that the defendant drove its truck too near the plaintiff as he was standing in the street waiting for the traffic to pass or for the light to turn.   The evidence could hardly be said to support the allegation.   The defendant negatives any negligence, and the plaintiff makes out a case of contributory negligence.   *Van Dyke v. Atlantic Greyhound Corp.,* 218 N. C., 283, 10 S. E. (2d), 727; *Tart v. R. R.,* 202 N. C., 52, 161 S. E., 720.

The plaintiff says the truck was moving "slowly, very slowly."   He must have known, then, that he was close, very close, to it.   But whether the truck was standing still or moving slowly when plaintiff came into the street with his bicycle, the jury was left to speculate on whether the driver of the truck could see the precarious position of the plaintiff before the rear wheel struck him.   *Rountree v. Fountain,* 203 N. C., 381, 166 S. E., 329.   Without this, the case must fail.   *Mills v. Moore,* 219 N. C., 25, 12 S. E. (2d), 661.   It is not enough that the driver of the truck saw the plaintiff in the street.   He must have appreciated the danger in time to have avoided the injury in the exercise of reasonable prevision. *Wellons v. Sherrin,* 219 N. C., 476, 14 S. E. (2d), 426.   Negligence is doing other than, or failing to do, what a reasonably prudent person, similarly situated, would have done.   *Cole v. R. R.,* 211 N. C., 591, 191 S. E., 353; *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 358.

A careful perusal of the record engenders the conclusion that it is insufficient to support a recovery.   The motion for judgment as in case of nonsuit should have been allowed.   C. S., 567.

Reversed.