DAVID WARD v. V. E. SMITH ET AL.

(Filed 5 May, 1943.)

**1. Adverse Possession § 2—**

In actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. C. S., 426.

**2. Adverse Possession §§ 13b, 13c**

In actions between individual litigants, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty years without color, either showing is sufficient to establish title. C. S., 428 and 430.

**3. Appeal and Error § 40e: Trial § 22f—**

A motion to nonsuit tests the sufficiency of the evidence to carry the case to the jury and support a recovery. The question thus presented is a question of law and is always to be decided by the court. C. S., 567.

**4. Trial § 23—**

Equivocations, discrepancies, and contradictions in plaintiff's evidence affect its credibility only and do not justify withdrawing the evidence from the jury.

APPEAL by defendants from *Carr, J.,* at December Term, 1942, of COLUMBUS.

Civil action for trespass.

The plaintiff alleges that he is the owner and in possession of a 30-acre tract of land in Columbus County, described by metes and bounds in the complaint; that the defendant has trespassed thereon, after being forbidden, and that plaintiff is entitled to injunctive relief and damages for the trespass already committed.

Upon denial of liability and issues joined, the jury returned a verdict in favor of the plaintiff.

From judgment thereon, the defendants appeal, assigning as error the refusal of the court to dismiss the action as in case of nonsuit.

*Varser, McIntyre & Henry for plaintiff, appellee.*
*A. B. Brady and H. L. Lyon for defendants, appellants.*

STACY, C. J. The plaintiff claims title to the *locus in quo* by adverse possession for twenty years. It is in evidence that he first entered upon the land in August, 1920; that he occupied it thereafter continuously, under known and visible lines and boundaries, making such use of it

and taking such profits each year as it was susceptible and capable of yielding at the time. There is no pretense that the plaintiff had any paper title to the land. The trespass of which the plaintiff complains occurred on 11 December, 1941, when the defendants entered upon the land and plowed up about three acres of strawberries. This action was instituted immediately thereafter.

The defendants, on the other hand, acquired a deed for the property in May, 1941, and they show title running back to 26 November, 1920. The defendants also offered evidence tending to show possession and use of the property by their predecessors in title. The cross-examination of the plaintiff indicated some equivocation as to the character of his possession and his claim of ownership. However, the conflict in the evidence has been resolved by the jury in favor of the plaintiff. It was sufficient to carry the case to the jury.

Indeed, the case is strikingly like that of *Locklear v. Savage,* 159 N. C., 236, 74 S. E., 347. It was tried under the law as there laid down, and the result must be upheld on authority of that case. It is stipulated in the record that the court correctly charged the jury on all phases of the case in compliance with C. S., 564, and that the issues submitted were not objected to by the defendants.

It is the holding with us, and the statute, C. S., 426, so provides, that in actions involving title to real property, where the State is not a party, other than in trials of protested entries laid for the purpose of obtaining grants, the title is conclusively presumed to be out of the State, and neither party is required to show such fact, though either may do so. *Dill Corp. v. Downs,* 195 N. C., 189, 141 S. E., 570.

In actions between individual litigants, as here, when one claims title to land by adverse possession and shows such possession (1) for seven years under color, or (2) for twenty years without color, either showing is sufficient to establish title in this jurisdiction. C. S., 428 and 430; *Power Co. v. Taylor,* 191 N. C., 329, 131 S. E., 646; *S. c.,* 194 N. C., 231, 139 S. E., 381.

The motion to nonsuit tests the sufficiency of the evidence, when considered in its most favorable light for the plaintiff, to carry the case to the jury and to support a recovery. The question thus presented by demurrer, whether interposed at the close of plaintiff's evidence, or "upon consideration of all the evidence," C. S., 567, is to be decided by the court as a matter of law. Whether the evidence is such as to carry the case to the jury is always for the court to determine. A demurrer raises only questions of law. *Godwin v. R. R.,* 220 N. C., 281, 17 S. E. (2d), 137.

We are not inadvertent to the equivocation in the plaintiff's testimony as elicited on cross-examination. This, however, affected his credibility

only, and did not justify withdrawing his evidence from the jury. Such was the holding in *Christman v. Hilliard,* 167 N. C., 4, 82 S. E., 949; *Shell v. Roseman,* 155 N. C., 90, 71 S. E., 86; *Gunn v. Taxi Co.,* 212 N. C., 540, 193 S. E., 747. Discrepancies and contradictions, even in plaintiff's evidence, are matters for the jury, and not for the court. *Dozier v. Wood,* 208 N. C., 414, 181 S. E., 336; *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601.

There was no error in overruling the motions to nonsuit. Hence, the validity of the trial must be upheld.

No error.