[No. 33432. Department One. May 17, 1956.]

MICHAEL SHELLENBERGER, by his Guardian ad Litem, Joseph E. Shellenberger, Appellant, v. PAUL ZEMAN et al., Respondents.[1]

[1] Reported in 297 P. (2d) 247.

*Koenigsberg & Roberts,* for appellant.

*Carl P. Zapp* and *G. Robert Brain,* for respondents.

FINLEY, J.—Michael Shellenberger, age nine, through his guardian *ad litem,* commenced this action to recover damages for personal injuries sustained in a collision between a bicycle operated by the minor and an automobile driven by Mrs. Zeman. At the close of the plaintiff's case, the defendants' motion for an involuntary nonsuit and dismissal of the action was denied. Thereupon, defendants rested without presenting any evidence, and again challenged the sufficiency of the evidence to warrant a recovery in favor

of the plaintiff. The trial court granted the motion and dismissed the jury. The trial court denied plaintiff's motion for a new trial and entered a judgment of dismissal, from which the plaintiff appeals. Hereinafter, the minor child will be referred to as the appellant; the driver of the automobile, Mrs. Zeman, will be referred to as the respondent.

■ Apropos of the challenge to its sufficiency, the evidence and all reasonable inferences therefrom must be construed most favorably to the appellant. *Hein v. Chrysler Corp.*, 45 Wn. (2d) 586, 277 P. (2d) 708.

The facts so treated may be briefly outlined as follows: The accident occurred on July 22, 1953, at approximately ten o'clock a. m., on Bothell way, near its intersection with east 98th street, in Seattle, Washington. Bothell way is part of a primary state highway. It has two southbound and two northbound lanes. To the east of the northbound lanes is an asphalt area, eight feet in width, bounded by a curbing on the easterly edge. To the east of the curbing is a sidewalk. Between the sidewalk and the business buildings in the area there is a twenty-foot, black-topped strip.

On the day of the accident, the appellant and one of his young friends were riding their bicycles in a northerly direction on the black-topped area to the east of the curbing. When appellant attempted to turn around to his left, his bicycle was struck accidentally by his companion's bicycle, at the edge of the sidewalk. The collision apparently caused appellant to lose his balance. He rode off the sidewalk, across the curb, and "wobbled" toward the concrete roadway. At or near the edge of the concrete roadway appellant's bicycle collided with the *right side* of respondent's automobile. The appellant's head struck the right rear-door window of respondent's automobile. The alleged injuries resulted, for which appellant now seeks to recover damages.

Prior to the accident, respondent was traveling north on Bothell way, on the *outside, concrete* lane, at a speed of thirty to thirty-five miles per hour. She testified that it was raining slightly but that visibility was good; that, when she first observed the children, they were on the *sidewalk* at a distance of approximately one hundred fifty feet away

from her. Apparently, at this point respondent driver took no precautionary action with respect to the operation of her automobile. She testified that, when she saw the boys collide on their bicycles, she was at a distance of approximately thirty-five feet away from them. Her testimony relative to her course of conduct at that time was as follows:

"Q. What did you do when they collided? A. *As soon as I saw the collision, I put my brakes on,* and my car swerved to the left. Q. Did you turn your car to the left? A. I didn't turn it; the car got—what you call it, skid— Q. You say that prior to the collision you put on your brakes? A. Just as I saw it. Q. Just as you saw it? A. *Just as I saw the collision, I put my brakes on.* Q. Did you put them down hard? A. Quite hard, yes. Q. You didn't brake down at any time before that? A. I didn't brake before it. Q. Did you say your car skidded? A. Yes. . . . Q. Did you skid before the impact with the bicycle or after the impact? A. No, after I saw the collision, I put the brakes on and that is when I skidded. Q. Just about the same time? A. Just about the same time. Q. It was just about the same time you saw the bicycle that you heard the crash, is that right? A. *I heard the crash after I turned, after my car turned.* Q. You saw the bicycles? A. Yes. Q. Then you turned and heard a crash? A. Yes. Q. This all took place in just an instant? A. All in the instant. Q. Can you give us any idea of how much time lapse it took between the time you saw the children collide? A. No. Q. *Would you say it was practically instantaneous?* A. *Yes.* . . ." (Italics ours.)

After the accident, the respondent's vehicle came to rest in the inside northbound traffic lane, facing in a northwesterly direction approximately seventy feet north of where it had collided with the bicycle.

■■ Under the evidence, as outlined above, we are constrained to agree with the trial court's conclusion that there was insufficient evidence to take the issue of respondent's negligence to the jury. Generally, where an automobile driver has reasonable grounds to apprehend that a child may run or may ride a bicycle into the path of his automobile, a higher degree of care is required of the driver in operating his automobile than would be necessary under

ordinary circumstances. In such a case, it is the driver's duty to exercise such a reasonable degree of care as the circumstances require. To impose liability, it is not enough that the driver saw the child; he must have been able to appreciate the danger in time to have avoided the injury, in the exercise of reasonable prevision. *Fries v. Ritter,* 381 Pa. 470, 112 A. (2d) 189; *Threatt v. Railway Express Agency,* 221 N. C. 211, 19 S. E. (2d) 873.

■ There is no evidence that the respondent driver was negligent *prior to the collision of the two bicycles.* At the time she saw the boys collide on their bicycles, she was confronted with a sudden emergency not created by her own negligence. She was compelled to act instantly to avoid a possible injury to appellant child. Under such circumstances, a driver is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and the one that would have been required in the exercise of ordinary care, but for the emergency. *Ruff v. Fruit Delivery Co.,* 22 Wn. (2d) 708, 157 P. (2d) 730.

■ The only possible evidence that could have pointed to negligence on the part of respondent driver was the testimony of Robert Corder, age eleven, who viewed the accident from across the roadway at a distance of at least two hundred feet. He testified that the collision between appellant's bicycle and respondent's automobile occurred "close to the asphalt, either close or very close or on . . . ; " that he heard the squeal of tires about the same time or just a "speck" after the collision.

These observations were made under conditions that leave serious doubts as to their probative value respecting negligence on the part of the respondent. From Robert Corder's point of observation, respondent's automobile obstructed his view of the position of appellant's bicycle at the time of the accident. Furthermore, his testimony that he heard the "squeal" of tires about the same time that the collision occurred falls short of being substantial evidence that respondent was negligent in the operation of her automobile.

In spite of the sudden emergency which confronted the respondent (driving at thirty to thirty-five miles per hour), she succeeded in bringing her automobile to a complete stop within a distance of approximately one hundred feet.

■ In order to recover, the appellant had to show by substantial evidence that the respondent was guilty of negligence. A mere scintilla of evidence is not sufficient. *Dunsmoor v. North Coast Transp. Co.*, 154 Wash. 229, 281 Pac. 995.

The judgment of the trial court should be affirmed. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, and OTT, JJ., concur.

DONWORTH, J., concurs in the result.

[1]Reported in 297 P. (2d) 255.