[No. 33684. Department One. December 6, 1956.]

Adren H. Beaty *et al., Respondents,* v. Dolph Linn *et al., Appellants.*[1]

[1]Reported in 304 P. (2d) 951.

*Lester T. Parker* and *Stark & Hill,* for appellants.

*Fred M. Bond, Smith Troy,* and *John Spiller,* for respondents.

FINLEY, J.—This is an action for damages, allegedly arising out of a collision between a pickup truck (owned and operated by the plaintiffs) and a logging truck (owned by Olympic Carrier Service, Inc., and operated by the defendant Dolph Linn.)

At the close of the plaintiffs' case, and again at the close of the entire case, the defendants' motions challenging the sufficiency of the evidence were denied by the trial court. A jury returned a verdict in favor of the plaintiffs, as follows: The sum of $25,000 for personal injuries; $8,039.45 for medical and hospital expenses; and $1,000 for damage to plaintiffs' truck. Defendants moved for judgment n.o.v. and for a new trial. Subsequently, they withdrew their motion for a new trial and relied solely on their motion for judgment n.o.v. This was denied by the trial court, and judgment was entered on the verdict. Defendants have appealed. Hereinafter the appellant driver, Mr. Linn, will be referred to as though he were the sole appellant, and the respondent driver, Mr. Beaty, as though he were the sole respondent.

The evidence may be summarized as follows: The accident occurred in the daytime on September 13, 1951, on a private, one-way, graveled logging road. The respondent testified that the road was twelve feet wide "from brush to brush;" one of appellant's witnesses testified that the road was fourteen to sixteen feet wide. It was admitted by all concerned that a traffic rule applicable to this road required vehicles, when meeting upon the road, to turn to the *left* instead of to the right; also, that both drivers were familiar with the rule.

At the time of the accident, the respondent was driving his pickup truck out of the woods; appellant was driving an empty logging truck into the woods, for the purpose of getting a load of logs. The two drivers were the only eye-

witnesses to the accident. Respondent testified that he did not see the appellant's truck until they were about seventy-five to one hundred feet apart; that

"The truck was moving at a high rate of speed. And my first thought was to get out of the way of it when I seen we was both on the outside of the curve. It looked like there was no way for it to stop between there. I cut it to the *right* but I couldn't get off the road." (Italics ours.)

Respondent further testified that the appellant applied his brakes and turned his logging truck to the *left* as far as he could. The two vehicles collided head on. The respondent testified that he was traveling about twenty miles an hour; he estimated appellant's speed at from forty to fifty miles an hour. Appellant, on the other hand, testified that he was traveling about fifteen miles an hour, and that he saw respondent's truck at a distance of two hundred fifty to three hundred fifty feet. The pickup truck was shoved back approximately fifteen feet. There was additional evidence to the effect that appellant's truck skidded for a distance of seventy-five to eighty feet prior to the collision.

Appellant's contentions on this appeal present two basic questions. *First*: Was there sufficient evidence to submit to the jury the question of appellant's negligence? *Second*: Was the respondent guilty of contributory negligence as a matter of law?

■  As to the first question, the rule is well known that the evidence in relation to the motions denied by the trial court is to be viewed in the light most favorable to the respondent.

■  With this in mind, we are convinced that the evidence was sufficient to sustain the finding of the jury as to appellant's negligence. It was within the province of the jury to disbelieve the testimony of the appellant—that he was traveling at a speed not to exceed fifteen miles an hour. The evidence as to appellant's skid marks and the distance respondent's truck was pushed backward, considered together with respondent's testimony as to appellant's speed, permitted the jury to conclude that appellant's speed was

excessive. Apparently, the jury placed more credence in respondent's evidence and concluded that appellant's speed was excessive under the circumstances. *Pyle v. Wilbert*, 2 Wn. (2d) 429, 98 P. (2d) 664.

Now as to the question of contributory negligence on the part of the respondent: It is appellant's contention that the respondent did not produce legally sufficient evidence to provide a basis on which the jury could have concluded that respondent was either justified or excused for being on the wrong side of the road at the time of the collision. We do not agree.

■■ From the evidence as outlined above, the jury reasonably could have concluded (a) that the respondent was confronted with an emergency *which was not created by his own negligence*; (b) that, under the circumstances, the respondent was not guilty of contributory negligence. In *Shellenberger v. Zeman*, 48 Wn. (2d) 885, 297 P. (2d) 247, the court stated:

"A driver is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and the one that would have been required in the exercise of ordinary care, but for the emergency."

The instant case was submitted to the jury under proper instructions. The verdict should not be disturbed, and the judgment should be affirmed. It is so ordered.

DONWORTH, C. J., SCHWELLENBACH, ROSELLINI, and HILL, JJ., concur.